EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| David García O´Neill; su esposa Estrella Villega Ocasio, por sí y en representación de su hijo menor J.C.V.; Sociedad Legal de Gananciales compuesta por ambos<br>Peticionarios<br><br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Hon. Guillermo Zomoza Colombani, Secretario de Justicia; Superintendente de la Policía de Puerto Rico; Policía Municipal de Guaynabo representado por su Comisionado Hon. Wilfredo Castillo Alicea; Compañía Aseguradora X, Fulano de tal, Mengano mas cual, Zutano de tal, Perencejo mas cual, Corporación X, Corporación Y, Compañía Aseguradora Y<br><br>Municipio de Guaynabo<br>Recurridos | Certiorari<br><br>2014 TSPR 53<br><br>190 DPR ____ |

Número del Caso: AC-2013-66

Fecha: 8 de abril de 2014

Tribunal de Apelaciones, Región Judicial de Bayamón

Abogada de la Parte Peticionaria:

      Lcda. Haydee Zapata Ayala

Abogado de la Parte Recurrida:

      Lcdo. Federico Montañez Delerme

Materia: Ley de Municipios Autónomos Art. 15.003: notificación al Alcalde de posible pleito contra el municipio.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| David García O´Neill; su esposa Estrella Villega Ocasio, por sí y en representación de su hijo menor J.C.V.; Sociedad Legal de Gananciales compuesta por ambos Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Hon. Guillermo Zomoza Colombani, Secretario de Justicia; Superintendente de la Policía de Puerto Rico; Policía Municipal de Guaynabo representado por su Comisionado Hon. Wilfredo Castillo Alicea; Compañía Aseguradora X, Fulano de tal, Mengano mas cual, Zutano de tal, Perencejo mas cual, Corporación X, Corporación Y, Compañía Aseguradora Y<br><br>Municipio de Guaynabo Recurridos | AC-2013-0066 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado señor Rivera García.

En San Juan, Puerto Rico, a 8 de abril de 2014.

En _Zambrana Maldonado v. E.L.A._, 129 D.P.R. 740 (1992), resolvimos que la notificación que requiere el Art. 2A(f) de la Ley de Reclamaciones y Pleitos contra el Estado[1], 32 L.P.R.A. sec. 3077(a) —de cumplir con los estándares de una reclamación extrajudicial— puede

---

[1] Ley Núm. 104 de 29 de junio de 1955, según enmendada.

interrumpir el término prescriptivo de un año que establece el Código Civil de Puerto Rico en su Art. 1868, 31 L.P.R.A. sec. 5298(2). Hoy extendemos esa interpretación en cuanto a la notificación que el Art. 15.003 de la Ley Núm. 81-1991, 21 L.P.R.A. sec. 4703 ("Ley de Municipios"), requiere que se haga al alcalde antes de entablar una reclamación contra un municipio.

I

El 12 de marzo de 2012 los esposos el Sr. David García O'neill y la Sra. Estrella Villega Ocasio[2], junto a la Sra. María Villega Ocasio (los peticionarios), presentaron una demanda sobre daños y perjuicios en contra del Municipio de Guaynabo (el recurrido). Según alegaron, el 14 de diciembre de 2010 agentes de la policía de ese municipio irrumpieron en sus residencias sin razón alguna y procedieron a agredirlos, destruir su propiedad y a arrestarlos.[3] Se expuso en esa reclamación que los peticionarios fueron liberados eventualmente y no se presentó ningún cargo criminal contra estos. Sostuvieron en su demanda que los daños que sufrieron a raíz de ese evento se debieron exclusivamente a la negligencia de los policías municipales, ya que no se aseguraron de la identidad de las personas que interesaban arrestar. La controversia del caso de autos surge porque el Tribunal de Apelaciones entendió que dicha demanda estaba prescrita. Expongamos los trámites procesales pertinentes a este asunto.

---

[2] En unión a su hijo menor de edad.
[3] Véase, Demanda. Apéndice del recurso de apelación, pág. 26.

Surge del legajo que el 11 de marzo de 2011 -87 días luego de ocurrir el incidente- los peticionarios le notificaron personalmente al entonces Secretario de Justicia, Guillermo Somoza Colombani[4] y al alcalde del municipio de Guaynabo, Hon. Héctor O'neil García, una misiva relacionada a los hechos alegados en la demanda que mencionamos anteriormente.[5] Esto, en cumplimiento con el mandato del Art. 15.003 de la Ley de Municipios, supra, que requiere que toda persona que tenga una reclamación contra un municipio notifique al alcalde dentro de los 90 días siguientes a la fecha en que tuvo conocimiento de los daños por los que reclama. En esa comunicación, los peticionarios describieron en detalle los hechos que alegadamente ocurrieron el 14 de diciembre de 2010 e informaron su intención de instar una acción judicial para solicitar una compensación por los daños sufridos como consecuencia de los mismos. Así también, especificaron los daños físicos y morales alegadamente sufridos y los nombres y números de placas de cinco agentes que presuntamente estuvieron involucrados en el infortunio.[6]

Como adelantamos, el 12 de marzo de 2012 los peticionarios presentaron la demanda sobre daños y

---

[4] Inicialmente, en la demanda se incluyó como codemandado al Gobierno de Puerto Rico ante la presunta presencia de dos policías estatales el día de los hechos. No obstante, surge de la Minuta de la vista del 12 de diciembre de 2012 que se celebró ante el Tribunal de Primera Instancia -notificada a las partes el 21 de diciembre de 2012- que los peticionarios anunciaron que desistirían de su reclamación contra el Estado. El foro primario declaró ha lugar el desistimiento sin perjuicio. Véase Minuta. Íd., pág. 76.
[5] Íd., págs. 48, 52.
[6] Íd., pág. 48.

perjuicios contra el Municipio de Guaynabo y otros codemandados. El municipio contestó la demanda y como parte de sus defensas planteó que la causa de acción estaba prescrita[7] y luego presentó una moción de desestimación fundamentada en ese particular. Su contención era que debido a que los alegados daños tuvieron lugar el 14 de diciembre de 2010, los peticionarios debieron radicar su demanda en o antes del 14 de diciembre de 2011, es decir, dentro del término prescriptivo de un año dispuesto por el Código Civil para presentar reclamaciones al amparo del Art. 1802, 31 L.P.R.A. sec. 5141. En otras palabras, negó que la notificación que se le entregó al alcalde el 11 de marzo de 2011 tuviera el efecto de interrumpir ese plazo. En apoyo de su postura argumentó que el inciso (c) del Art. 15.003 de la Ley de Municipios Autónomos no libera a la parte demandante de radicar su demanda dentro del término prescriptivo de un año. El referido precepto dispone lo siguiente:

> Salvedad.-Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo fijado por la sec. 5298(2) del Título 31.

Por su parte, los peticionarios invocaron la norma que se pautó en Zambrana Maldonado v. E.L.A., supra, caso en el que resolvimos que la notificación requerida por el Art. 2A de la Ley de Reclamaciones y Pleitos contra el Estado, supra, puede constituir una reclamación extrajudicial a los

---

[7] Véase, Contestación a la Demanda. Íd., pág. 37.

fines de interrumpir el término prescriptivo de un año disponible para presentar una reclamación por daños contra el Estado.

Tras atender ese asunto, el Tribunal de Primera Instancia emitió un dictamen el 11 de diciembre de 2012 denegando la moción de desestimación.[8] Resolvió que los peticionarios cumplieron con el requisito de notificación estatuido en el Art. 15.003 de la Ley de Municipios, supra, al cursar la carta del 11 de marzo de 2011 y concluyó que esa comunicación constituyó una reclamación extrajudicial válida que interrumpió el término prescriptivo de un año dispuesto en el Art. 1868 del Código Civil, supra. De esta forma, entendió que dicho término comenzó a discurrir nuevamente a partir de ese momento, teniendo los demandantes hasta el 12 de marzo de 2012 para presentar su demanda.[9]

Inconforme con esa determinación, el municipio de Guaynabo presentó un escrito titulado "recurso de revisión" ante el Tribunal de Apelaciones. En este sostuvo que el foro primario incidió al determinar que el término prescriptivo para presentar la demanda comenzó a transcurrir de nuevo a partir de la notificación que los demandantes hicieron al Municipio de Guaynabo el 11 de marzo de 2011. El Tribunal de Apelaciones acogió el recurso

---

[8] Íd., pág. 19.
[9] El 11 de marzo de 2012 fue domingo, por lo que el término se extendió hasta el lunes 12 de marzo de 2012.

como uno de *certiorari*[10] y resolvió conforme a lo esbozado

por el Municipio. Dispuso que la notificación del 11 de

marzo de 2011 no tuvo el efecto de interrumpir el término

prescriptivo de un año. Fundamentó su determinación en la

interpretación que a esos efectos le proveyó al Art. 15.003

(c) de la Ley de Municipios, <u>supra</u>. En específico, el

Tribunal de Apelaciones señaló:

> [e]n este caso, la parte reclamante notificó al municipio a los ochenta y siete (87) días de la fecha del incidente, en otras palabras "dentro de los noventa (90) días siguientes a la fecha en que el <u>reclamante tuvo conocimiento de los daños reclamados</u>". Por lo tanto, es lógico concluir de la propia carta de notificación al municipio y su contenido específico y particularizado que el término prescriptivo de un (1) año comenzó a decursar a partir de la fecha de los hechos, a saber, desde el 14 de diciembre de 2010 y vencía el 13 de diciembre de 2011.
>
> Además, la carta del 11 de marzo de 2011 no tuvo el efecto interruptor alguno en el plazo de un (1) año para interponer la demanda en virtud de las disposiciones de la propia Ley de Municipios Autónomos de Puerto Rico, 21 L.P.R.A. secs. 4001, *et seq.*, sobre la jurisdicción de los tribunales y las acciones contra los municipios. La misma es objetivamente clara al establecer que el requisito de notificación al municipio dentro de los (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños **no modificará el término prescriptivo del año**.[11]
> (Subrayado y énfasis en el original).

Ante ello, concluyó que la demanda estaba prescrita y

ordenó su desestimación. El foro apelativo intermedio se

negó a reconsiderar su dictamen. Inconforme con ello, los

---

[10] Véase resolución del 12 de febrero de 2013 del Tribunal de Apelaciones, recurso numerado KLRA201300050 (posteriormente renumerado como KLCE201300312). Íd., págs. 66 y 99.

[11] Véase sentencia del Tribunal de Apelaciones, Íd., pág. 145.

peticionarios presentaron ante esta Curia un recurso de

apelación señalando la comisión de los siguientes errores:

PRIMER ERROR: Erró el Tribunal de Apelaciones al aplicar literalmente el inciso (c) del Art. 15.003 de la Ley de Municipios Autónomos a los hechos del presente caso, y concluir que las notificaciones de las reclamaciones extrajudiciales remitidas por los apelantes el 11 de marzo de 2011 mediante entrega personal a los apelados, 87 días después de la fecha de los hechos predicados en la demanda, carecen de eficacia para interrumpir el término prescriptivo de un año que establece el Artículo 1868, 31 L.P.R.A. § 5298, para las acciones derivadas de culpa o negligencia al amparo del Artículo 1802 del Código Civil, 31 L.P.R.A. § 5141.

SEGUNDO ERROR: Erró el Tribunal de Apelaciones al resolver que las referidas notificaciones de los apelantes sobre sus reclamaciones extrajudiciales contra el Estado y los Municipios, carecen de eficacia para interrumpir el término para reclamar la reparación de los daños causados a un menor de edad, a pesar de que la sentencia recurrida reconoce que las notificaciones fueron remitidas dentro del plazo de 90 días que establece el Art. 2A de la Ley de Reclamaciones y Demandas contra el Estado y el Art. 15.003 de la Ley de Municipios Autónomos.

TERCER ERROR: Erró el Tribunal de Apelaciones al no otorgarle eficacia interruptiva (sic) a las notificaciones de los apelantes sobre sus reclamaciones extrajudiciales contra el Estado y el Municipio de Guaynabo, hechas dentro del plazo de 90 días, contrario a la norma establecida en Rivera Castillo v. Municipio de San Juan, 130 D.P.R. 683 (1992) y López v. Autoridad de Carreteras, 133 D.P.R. 243, 261-3 (1993); asimismo, creando conflicto con las decisiones de otros paneles del Tribunal de Apelaciones, tales como en: Dr. Fernando Echeandía Fuster v. Hon. Robert Pagán Centeno, caso número KLAN0801952, resuelto el 25 de marzo de 2009 por la región judicial de Utuado, Panel V; Flora Delgado Brewley v. Municipio de Bayamón, Panel II; y creando conflictos con las decisiones en los casos Rodríguez Montalvo v. Municipality of Arecibo, 30 F. Supp. 2d 118 (D. Puerto Rico 1998); Valentín Almeyda v. Municipality of Aguadilla, 447 F. 3d 85 (1st Cir. 2006); y Rentas

Santiago v. Autonomous Municipality of Ponce, 453 F. Supp. 2d 387 (D. Puerto Rico 2006).[12]

El 22 de noviembre de 2013 acogimos el recurso como uno de *certiorari* y le concedimos un término de 20 días al Municipio de Guaynabo para que compareciera y mostrara causa por la cual no debíamos revocar la sentencia recurrida. El Municipio cumplió con lo ordenado. Examinada su posición, decidimos expedir el recurso de autos.

## II

## A

La responsabilidad civil por daños extracontractuales surge del Art. 1802 del Código Civil de Puerto Rico, supra, que dispone que "el que por acción u omisión causa daño a otro interviniendo culpa o negligencia, está obligado a reparar el daño causado". Esta responsabilidad es precisamente el deber de resarcir al damnificado, otorgándole un valor económico al daño sufrido, suficiente para compensar el interés del perjudicado. S.L.G. v. F.W. Woolworth & Co., 143 D.P.R. 76, 81 (1997). Véase además, Rodríguez *et al.* v. Hospital *et al.*, 186 D.P.R. 889 (2012).[13]

Como sabemos, el Art. 15.003 de la Ley de Municipios, supra, es el precepto que regula lo pertinente a las reclamaciones de cualquier clase que se presenten en contra de un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio. A

---

[12] Véase, Recurso de Apelación, pág. ii.
[13] Aclarando cómo debe computarse la compensación por daños.

esos efectos, esta legislación dispone que el reclamante le deberá presentar al alcalde una notificación escrita, haciendo constar claramente la fecha, lugar, causa y naturaleza general del daño sufrido. También, debe especificar la cuantía de la compensación monetaria o el tipo de remedio solicitado, los nombres y direcciones de los testigos, la dirección del reclamante, y el lugar donde recibió tratamiento médico en primera instancia, si alguno. El inciso (a) del precitado estatuto indica que esa notificación se entregará al alcalde mediante correo certificado, diligenciamiento personal o en cualquier otra forma fehaciente reconocida en derecho.[14]

En lo pertinente a nuestra controversia, el Art. 15.003 de la Ley de Municipios, _supra_, dispone que esa notificación se tiene que presentar dentro de un término específico. A esos efectos señala que:

> La referida notificación escrita deberá presentarse al alcalde dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados.
>                           (…)
> (b) Requisito jurisdiccional.-No podrá iniciarse acción judicial de clase alguna contra un municipio por daños causados por la culpa o negligencia de aquél, a menos que se haga la notificación escrita, en la forma, manera y en los plazos dispuestos en este subtítulo.

---

[14] Para una discusión sobre cómo puede efectuarse esta notificación, véase _Rivera Fernández v. Municipio de Carolina_, res. el 29 de enero de 2014, 2014 T.S.P.R. 9, 190 D.P.R. __ (2014).

En múltiples ocasiones hemos reafirmado la importancia que reviste este requerimiento. Recientemente en Rivera Fernández v. Municipio Autónomo de Carolina, res. el 29 de enero de 2014, 2014 T.S.P.R. 9, 190 D.P.R.___ (2014), mencionamos que esa notificación tiene el propósito de dar conocimiento a la entidad municipal de que existe un posible pleito en su contra. Véanse también: Acevedo v. Mun. de Aguadilla, 153 D.P.R. 788, 799 (2001); Mangual v. Tribunal Superior, 88 D.P.R. 491, 494 (1963). Ello, ante el fin público específico de proteger a los municipios de acciones ajenas a su conocimiento. Íd. Con ello, se aspira a que estos cuerpos políticos puedan investigar prontamente los asuntos pertinentes antes de que desaparezca la prueba necesaria para defenderse adecuadamente contra la reclamación que se inste en su contra. Íd.; Méndez et al. v. Alcalde de Aguadilla, 151 D.P.R. 853, 860-861 (2000). Así también, persigue desalentar las reclamaciones infundadas, mitigar el importe de la compensación por los daños sufridos y advertir a las autoridades sobre la posible necesidad de hacer una reserva en el presupuesto anual para tales propósitos. Íd.

El cumplimiento de la notificación dentro de los 90 días es una condición previa necesaria para que se pueda iniciar cualquier pleito en resarcimiento de daños y perjuicios contra un municipio. Rivera Fernández v. Municipio de Carolina, supra. Como norma general, esta exigencia se aplicará rigurosamente tanto en acciones

contra el Estado como contra los municipios. Acevedo v. Mun. de Aguadilla, supra, pág. 798. No obstante, hemos resuelto -sin dejar a un lado un requisito que el legislador puertorriqueño ha instaurado- que carece de eficacia si jurídicamente no hay razón para aplicarlo. Véanse: Acevedo v. Mun. de Aguadilla, supra, págs. 799-800; Zambrana Maldonado v. E.L.A., supra, pág. 757. Así por ejemplo, si el alcalde tiene conocimiento personal de los alegados daños, el municipio no podrá alegar con éxito la defensa de indefensión por causa de no haber sido notificado. Acevedo v. Mun. de Aguadilla, supra, pág. 801; Méndez et al. v. Alcalde de Aguadilla, supra, pág. 863.

Ahora bien, el Art. 15.003, supra, contiene una salvedad en su inciso (c) al añadir lo siguiente:

> (c) Salvedad.-**Esta sección no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo fijado por la sec. 5298(2) del Título 31.** (Énfasis suplido)

Esta cláusula estaba contenida en el Art. 11.03 (g) de la anterior Ley Orgánica de los Municipios de Puerto Rico de 1980[15], que a su vez provino del Art. 96 (g) de la Ley Municipal de 1960.[16] Es en esta disposición que desencadena la pugna de este caso. Para atender esta controversia, es menester que repasemos la institución de la prescripción extintiva o liberatoria y cómo hemos interpretado la misma en el contexto de las acciones por responsabilidad civil

---

[15] Ley Núm. 146 de 18 de junio de 1980.
[16] Ley 142 de 21 de julio de 1960, 21 L.P.R.A. ant. sec. 1603.

extracontractual que se presentan en contra del Estado y de los municipios.

B

El Art. 1861 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5291, establece que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". Se ha dicho que de todas las instituciones del derecho civil, la de la prescripción es la más necesaria. E. Vázquez Bote, Tratado Teórico y Práctico de Derecho Privado Puertorriqueño, Orford, Equity, 1991, Vol III, pág. 102. Para algunos autores esta debe ubicarse dentro del precepto de la seguridad jurídica ya que consiste en la transformación de un estado de derecho por el mero transcurso de un periodo de tiempo. G. Orozco Pardo, La interrupción de la prescripción extintiva en el derecho civil, Granada, Universidad de Granada, 1986, págs. 15, 44. Véase también, E. Vázquez Bote, op cit., pág. 96. Así también lo hemos enunciado nosotros. Véanse: Culebra Enterprises Corp. v. E.L.A., 127 D.P.R. 943, 950 (1991); Meléndez v. El Vocero de Puerto Rico, 144 D.P.R. 389, 394 (1997). Afirma Orozco Pardo que esa seguridad informa al ordenamiento jurídico en la medida que elimina la incertidumbre de las relaciones jurídicas que de otro modo estarían "eternamente pendientes". Íd.[17]

La transformación que se da con el transcurso del tiempo puede consistir tanto en la constitución de un

---

[17] Véase también, J. Puig Brutau, Caducidad, prescripción y usucapión, Barcelona, Bosh, 1998, pág. 26.

derecho como en la extinción de uno; en ese sentido se habla de la prescripción adquisitiva y de la prescripción extintiva. Como sabemos, la prescripción extintiva no acarrea la adquisición de derecho alguno por parte de quien se beneficia de ella, sino que el deudor se libera de su obligación debido a que la acción para reclamar su cumplimiento prescribió. Vázquez Bote, op cit., pág. 99. En otras palabras, produce el efecto fundamental de "destruir la acción aseguradora o amparadora del derecho [principal y los accesorios]". Vázquez Bote, op cit., pág. 113.[18]

En Puerto Rico, esta institución es una materia de derecho civil sustantivo y no procesal, que tiene como norte atender el interés general de darle certeza a las relaciones jurídicas, pero que, a la vez, tiene que conciliarse con el interés individual de quienes quieren ejercer sus derechos. Véanse: S.L.G. Serrano-Báez v. Foot Locker, 182 D.P.R. 824, 831 (2011); Pereira Suárez v. Jta. Dir. Cond., 182 D.P.R. 485 (2011); COSSEC et al. v. González López et al., 179 D.P.R. 793, 805, 806 (2010);

---

[18] De acuerdo al Art. 1869 del Código Civil, el tiempo para la prescripción de toda clase de acciones, siempre y cuando no haya legislación especial en contrario, se contará desde el día en que pudieron ejercitarse. 31 L.P.R.A. sec. 5299. Conforme a la teoría cognoscitiva del daño, hemos establecido que el término comenzará a transcurrir cuando el reclamante cuente con los elementos necesarios para ejercer su causa de acción, tomando en cuenta cuándo conoció o debió conocer que sufrió un daño y el autor del mismo. Fraguada v. Hosp. Aux. Mutuo, 186 D.P.R. 365, 374 (2012); S.L.G. Serrano-Báez v. Foot Locker, 182 D.P.R. 824, 832 (2011); COSSEC et al. v. González López et al., 179 D.P.R. 793, 806 (2010). Véase además, Toledo Maldonado v. Cartagena Ortiz, 132 D.P.R. 249, 254-255 (1992). Esto es así ya que "los términos prescriptivos no tienen vida propia, pues dependen de una causa de acción que los active". Muñiz Burgos Inc. v. Mun. Yauco, 187 D.P.R. 665, 685 (2013). Ahora bien, ese desconocimiento no puede deberse a la falta de diligencia del propio reclamante.

Arce Bucetta v. Motorola, 173 D.P.R. 516, 537 (2008); Meléndez v. El Vocero de Puerto Rico, supra, pág. 389. Véanse también: R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 5ta. ed., San Juan, Ed. Lexis Nexis, 2010, págs. 94-95; Orozco Pardo, op cit., págs. 57-58. Mediante este tipo de prescripción se extingue un derecho del que se disponía debido a la inercia de una parte en ejercerlo durante el periodo de tiempo específico para que se ejecutara la acción. Fraguada Bonilla v. Hosp. Aux. Mutuo, 186 D.P.R. 365, 375-374 (2012); Pereira Suárez v. Jta. Dir. Cond., supra, pág. 505. Esto tiene el propósito de castigar la dejadez en el ejercicio de los derechos y evitar litigios que sean difíciles de adjudicar debido a la antigüedad de las reclamaciones. Íd., supra, pág. 831. En otras palabras, evitar que alguna de las partes quede en un estado de indefensión. Íd. De esta forma, se evitan las consecuencias que genera la resucitación de reclamaciones viejas, como la pérdida de evidencia, la pérdida de testigos o dificultad para contactarlos y la memoria imprecisa. Íd., Arce Bucetta v. Motorola, supra, pág. 536; Culebra Enterprises Corp. v. E.L.A., 127 D.P.R. 943, 950 (1991). Véase también, Hernández Colón, op cit., pág. 94.

En ocasiones anteriores hemos destacado que el establecer leyes relativas a la prescripción es un asunto de política pública cuya determinación recae exclusivamente en la Asamblea Legislativa. Culebra Enterprises Corp. v.

E.L.A., supra, pág. 950; Alicea v. Córdova, 117 D.P.R. 676, 684 (1986). Véase también, Hernández Colón, op cit., pág. 94. Esto es así, pues la existencia de los términos prescriptivos responde a una política firmemente establecida de que las reclamaciones se solucionen de manera expedita. Fraguada Bonilla v. Hosp. Aux. Mutuo, supra. En consonancia con ello, el Estado tiene amplia discreción para limitar el tiempo en que se puede interponer una reclamación, siempre y cuando se le permita al perjudicado un tiempo razonable dentro del cual instar la misma. Alicea v. Córdova, supra, pág. 696. Así, se le concede a la parte afectada un periodo para ejercer sus derechos y, a la vez, se protege a la parte demandada de quedar indefinidamente a la expectativa de un posible pleito. Arce Bucetta v. Motorola, supra, pág. 536.

De esta forma, la prescripción extintiva opera como un supuesto de extinción de la obligación. Martínez v. Soc. de Ganaciales, 145 D.P.R. 93, 101 (1998). En el caso de las reclamaciones derivadas de la culpa o negligencia de las que trata el Art. 1802 este término es de un año. Art. 1868 del Código Civil, supra. La brevedad de este plazo cobra significado en este tipo de demandas al considerar que no se fundamentan en una relación jurídica previa. Fraguada Bonilla v. Hosp. Aux. Mutuo, supra, pág. 374; Culebra Enterprises Corp. v. E.L.A., supra, págs. 951-952. Véase también, L. Díez-Picazo, La prescripción extintiva en el

Código Civil y en la jurisprudencia del Tribunal Supremo, 2da ed., Pamplona, Aranzadi, 2007, pág. 247.

Ahora bien, como nos recuerda Díez-Picazo, es claro que el efecto extintivo de la prescripción no debe producirse si antes de que transcurra el tiempo señalado por ley, se ejercita el derecho que amenazaba con perderse. Díez-Picazo, op cit., pág. 137. El autor lo resume de esta forma:

> solo podrá en rigor hablarse de [la prescripción] cuando se haya producido lo que se ha denominado como un 'continuado silencio' de la relación jurídica. De esta manera, **si algún acontecimiento llega a romper ese silencio, la prescripción no debe producirse**, pues no se da ya el supuesto que justificaba la defensa del sujeto pasivo contra la pretensión frente a él ejercitada. Si algo anuncia que el derecho sigue vivo, que va a ser ejercitado o que puede serlo, la pretensión del titular del derecho no es ya intempestiva, ni por ello inadmisible. (Énfasis nuestro). Díez Picazo, op cit., pág. 137.

Contrario a lo que ocurre cuando nos enfrentamos ante un término de caducidad[19], los términos prescriptivos sí pueden interrumpirse. Para ello existen unas causas de interrupción que permiten al titular de la acción evitar oportunamente la consumación de la prescripción. Pues si bien no procede obligar a que se ejercite el derecho o acción que amenaza con perderse, sí cabe exigir su cumplimiento oportuno o que se manifieste la voluntad de evitar que prescriba. Orozco Pardo, op. cit., pág. 22.

---

[19] Un término de caducidad no puede interrumpirse ya que su efecto extintivo es radical y automático. Véase, Bonilla Ramos v. Dávila Medina, 185 D.P.R. 667 (2012).

En general, el efecto principal de la interrupción es que comienza de nuevo el cómputo cronológico del término prescriptivo. Pereira Suárez v. Jta. Dir. Cond., supra, pág. 505; Arce Bucetta v. Motorola, supra, pág. 537; Muñoz v. Ten General, 167 D.P.R. 297, 302 (2006); Sánchez v. Aut. de los Puertos, 153 D.P.R. 559, 568 (2001). Y una vez interrumpido, las reclamaciones sucesivas lo pueden prolongar indefinidamente, ya que cada interrupción tiene el efecto de que el término comience de nuevo. Íd. Al respecto conviene exponer la explicación que expone Díez-Picazo:

> [l]a palabra interrupción resulta, sin embargo, poco expresiva, sobre todo si se habla de la interrupción de la prescripción, pues parece indicar que la prescripción tiene algo así como un ciclo vital que en un momento dado se paraliza o queda estorbado, para comenzar a seguir contándose después, cuando en rigor no es así. **Los actos obstativos de la prescripción son, al mismo tiempo, actos de revigorización del derecho subjetivo o de las facultades jurídicas, de manera que, interrumpida la prescripción, tiene el tiempo que volverse a contar por entero.** (Énfasis nuestro). Díez-Picazo, op cit., pág. 37.

Continúa el autor señalándonos que:

> [l]o que la ley llama 'interrupción de la prescripción' agrupa un conjunto de causas o de circunstancias que impiden o excluyen la prescripción misma. Si una prolongada inercia determina la prescripción, la ruptura de la inercia la impide y aconseja, razonablemente que no se produzca, porque de hecho, nada se opone a que los derechos que la ley considera prescriptibles (frente a los caducables) resulten indefinidamente prolongados, sin límite temporal alguno, siempre que sucesivamente se realicen actos que rompen la situación del sujeto pasivo que la ley trata de proteger. En este sentido, no hay límite a las plurales y sucesivas interrupciones, porque **en ningún caso está justificado, si esas circunstancias se dan, que**

**el sujeto quede defendido con la prescripción**. (Énfasis nuestro). Díez Picazo, op cit., pág. 137. Véase también, Zambrana Maldonado v. E.L.A., supra, pág. 753.

En otras palabras, el ordenamiento jurídico pone en manos del titular un mecanismo de defensa para que, mediante la declaración de su voluntad, interrumpa ese plazo y comience a transcurrir otro de igual prolongación. Pues si la seguridad jurídica exige que los derechos y acciones que no se ejercitan durante un tiempo determinado prescriban, es lógico que se otorgue un medio para evitarlo. Orozco Pardo, op cit., pág. 22. En fin:

> [l]a interrupción de la prescripción es posible porque los derechos a los cuales puede afectar, a diferencia de lo que sucede en la caducidad, no tienen limitada su existencia de antemano por un término "fatal" de ejercicio, dentro del cual si no son ejercitados, se extinguen fatalmente, sino que pueden ser conservados mediante oportunos actos interruptivos dirigidos a tal fin. Orozco Pardo, op cit., pág. 58.

De esto se ocupa el Art. 1873 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5303. Este preceptúa que "[l]a prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor". El acto interruptor de que se trate debe constituir una manifestación inequívoca" de quien posee el derecho y opta por ejercerlo, eliminando así la incertidumbre. Pereira Suárez v. Jta. Dir. Cond., supra, pág. 505; Sánchez v. Aut. de los Puertos, supra, págs. 567-568. Lo importante al considerar cuándo se interrumpe un término prescriptivo es

el aviso adecuado de la existencia de una posible reclamación. En ese sentido, la eficacia de la interrupción de la prescripción está sujeta a: (a) la oportunidad, es decir, que se realice antes de la consumación del plazo; (b) la legitimación, o sea, que la realice el titular del derecho; (c) la identidad, que se trate del derecho afectado, y (d) la idoneidad del medio utilizado. Pereira Suárez v. Jta. Dir. Cond., supra, pág. 506.

En el caso de la reclamación por la vía extrajudicial la ley no presenta requisitos, lo importante es que mediante el medio utilizado la voluntad del acreedor quede patente. Pereira Suárez v. Jta. Dir. Cond., supra, págs. 505-506. Este tipo de reclamación puede hacerse de distintas maneras, pero todas deben cumplir con los requisitos generales de oportunidad, identidad, legitimidad e idoneidad. Orozco Pardo, op cit., pág. 195. No se exige que conste en documento fehaciente, ni existe inconveniente alguno en que sea puramente verbal. Véanse: Sánchez v. Aut. de los Puertos, supra, pág. 568; Díez Picazo, op cit., pág. 185.

En Pereira Suárez v. Jta. Dir. Cond., supra, pág. 506, citando a Albaladejo, reseñamos que esa reclamación extrajudicial, con tal de que sea una verdadera reclamación y no un mero recordatorio, puede revestir formas innumerables.[20] También en ese caso, haciendo referencia a la jurisprudencia española según expuesta por el mencionado

---

[20] Citando a M. Albaladejo García, Derecho Civil, 17ma ed., Madrid, Edisofer S.L., 2006, T. 1, pág. 905.

autor, señalamos que la reclamación extrajudicial puede constituir la presentación de una factura, de una carta pidiendo abono por los daños sufridos, o de una "reclamación administrativa dirigida al Ayuntamiento responsable de los daños que se pide se resarzan". Pereira Suárez v. Jta. Dir. Cond., supra, pág. 506. En resumen, este tipo de reclamación lo que busca es interrumpir el término prescriptivo, fomentar las transacciones extrajudiciales y notificar a grandes rasgos la naturaleza de la reclamación. Sánchez v. Aut. de los Puertos, supra, pág. 568.

Expuesto el marco teórico que precede, procedemos a atender en conjunto los errores señalados por los peticionarios.

III

Nos corresponde resolver si el Art. 15.003 (c) de la Ley de Municipios, supra, impide que la notificación que esa legislación requiere que se le haga al alcalde interrumpa el término prescriptivo estatuido en el inciso (2) del Art. 1868 del Código Civil, supra. La contención del Municipio de Guaynabo es que esa cláusula de salvedad no modifica de forma alguna, ni reduce el término de un año para presentar una acción por daños y perjuicios. Según este, ello significa que el plazo prescriptivo de un año no queda interrumpido o modificado con la presentación de la notificación al alcalde dentro de los 90 días. Para ello, no cita otro fundamento que la Opinión disidente que

emitiera el entonces Juez Asociado Negrón García en Zambrana Maldonado v. E.L.A.[21] Señala que de no existir la cláusula de salvedad, la parte demandante estaría en libertad de radicar su acción indefinidamente.

De otra parte, el Municipio cita el caso de Acevedo v. Mun. de Aguadilla, supra, en apoyo de su contención en el sentido de que allí mencionamos que los demandantes de ese caso actuaron correctamente al presentar su acción de daños y perjuicios dentro del término prescriptivo de un año. Indica que ante ello la demanda de los demandantes esta prescrita por haber transcurrido más de un año desde que se tuvo conocimiento de los daños.[22]

En ese caso unos empleados fueron cesanteados entre el 3-9 de julio de 1997. Acevedo v. Mun. de Aguadilla, supra, pág. 794. Luego, estos acudieron ante la Junta de Apelaciones del Sistema de Administración de Personal (JASAP) el 31 de julio de ese mismo año. Íd. Eventualmente, presentaron una demanda por daños y perjuicios contra el Municipio el 10 de junio de 1998. Íd. Entre otras cosas, ese caso resolvió que el municipio demandado quedó notificado conforme al Art. 15.003 de la Ley de Municipios, supra, una vez se presentó la reclamación ante JASAP. Por otro lado, dictaminamos que debido a que el foro administrativo no tenía facultad para atender la reclamación sobre daños y perjuicios los demandantes debían acudir ante el foro judicial dentro del término

---

[21] Alegato del Municipio de Guaynabo, pág. 7.
[22] Íd., pág. 9.

prescriptivo de un año. Por haber ocurrido así, enunciamos que los demandantes de ese caso no habían perdido su causa de acción. Ahora bien, no nos expresamos sobre la controversia que hoy pende ante esta Curia, a los efectos de si la notificación que se debe cursar al alcalde puede interrumpir ese término.

Sin embargo, la controversia que nos plantea este caso no es ajena a nuestros pasados pronunciamientos jurisprudenciales. Si bien no hemos tenido la oportunidad de expresarnos en cuanto a la misma en el contexto de la Ley de Municipios, supra, si atendimos una situación similar en Zambrana Maldonado v. E.L.A., supra, cuando analizamos la Ley Núm. 104, supra, legislación que contiene una disposición análoga al inciso (c) del Art. 15.003 de la Ley de Municipios, supra. Veamos.

Como sabemos, cuando se pretende demandar al Estado para solicitar la reparación de daños y perjuicios también existe un requisito de notificación previa, en ese caso al Secretario de Justicia. En el precitado caso justipreciamos si el inciso (f) del Art. 2A de Ley Núm. 104, supra, era un obstáculo para que esa notificación interrumpiera el término prescriptivo estatuido en el inciso (2) del Art. 1868 del Código Civil, supra, para presentar una demanda al amparo del Art. 1802, supra. Ese inciso (f) dispone que esa sección "no modificará en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo fijado por el inciso (2) de la sec. 5298 del

Título 31". Como vemos, el citado precepto contiene un lenguaje análogo al de la disposición que hoy nos ocupa. Precisamente, cuando resolvimos ese caso mencionamos que dicha cláusula provino del Art. 96 de la derogada Ley Municipal de 1960. Por su pertinencia citaremos *in extenso* lo que allí señalamos:

> Al aprobarse la Ley Núm. 104, *supra*, originalmente, se estableció específicamente que para las acciones allí autorizadas regirían los términos fijados en las leyes aplicables. Art. 8 (32 L.P.R.A. sec. 3083). Ahora bien, al añadirse el Art. 2A, *supra*, se dispuso, en el inciso (e), que no se podría iniciar una acción contra el Estado si antes no se cumplía con el requisito de la notificación previa. Se creó, pues, un aparente conflicto entre el inciso (e) y los Arts. 1868 y 1869 del Código Civil, *supra*. El inciso (e) creó la incertidumbre de si el término prescriptivo comenzaba a transcurrir desde que el agraviado tuvo conocimiento de los daños (Art. 1868) o desde que se podía ejercitar la acción (Art. 1869), o sea, desde que se hacía la notificación, ya que la notificación es un requisito para poder iniciar la acción. El inciso (f) aclaró la situación al establecer que el cumplimiento con los requisitos establecidos por este artículo, "no modificará, en forma alguna", el término prescriptivo de un (1) año fijado por el Art. 1868 del Código Civil, *supra.* El término prescriptivo comienza a transcurrir desde que el agraviado tuvo conocimiento de los daños, independientemente de que no se pueda iniciar la acción hasta que se haga la notificación. Zambrana Maldonado v. E.L.A., supra, pág. 759.

Luego de acotar que en correcta hermenéutica jurídica, un estatuto que de alguna manera limite el

derecho de los perjudicados a solicitar indemnización se debe interpretar restrictivamente,[23] resolvimos lo siguiente:

> cabe señalar que el Art. 2A, *supra*, no hace mención del efecto que tendrá el cumplimiento con el requisito de notificación previa sobre el Art. 1873 del Código Civil, *supra*, que regula la interrupción del término prescriptivo de las acciones. La Ley Núm. 104, *supra*, **no limita el derecho de un perjudicado a interrumpir el término prescriptivo de una acción contra el Estado en daños. El inciso (f) del Art. 2A,** *supra*, **no tiene ni puede tener este efecto. El Art. 2A,** *supra*, **es una limitación al derecho de los perjudicados a solicitar indemnización de parte del Estado, y como tal, debe ser interpretado restrictivamente. Por lo tanto, nada impide que junto con la notificación previa al Secretario de Justicia que exige el Art. 2A,** *supra*, **se incluya la reclamación interruptora del Art. 1873 del Código Civil,** *supra.* Esta interpretación no sólo es cónsona con el propósito de la Ley Núm. 104, *supra*, de que el Estado responda bajo las mismas circunstancias, forma y extensión que a las personas naturales, sino que también armoniza con las figuras jurídicas de la prescripción e interrupción.[24]

Pues como ya hemos enunciado, la prescripción del derecho es lo excepcional y su conservación y ejercicio debe ser lo

---

[23] <u>Zambrana Maldonado v. E.L.A.</u>, supra, pág. 756.

[24] Desde <u>Alberio Quiñones v. E.L.A.</u>, 90 D.P.R. 812, 816 (1964), señalamos que en "el estado actual de nuestra Ley y nuestra jurisprudencia [no] se pued[e] hacer una válida distinción entre la responsabilidad de una persona particular y el Estado cuando se trata de un daño causado por negligencia". Claro está, esto dentro de la extensión de la responsabilidad del Estado ante las leyes aplicables.

normal. Meléndez v. El Vocero de Puerto Rico, supra, pág. 394. Véase también, Orozco Pardo, op cit., pág. 59.[25]

Evidentemente, igual tratamiento debemos dar a la cláusula (c) del Art. 15.003 de la Ley de Municipios, supra. El propósito de la notificación requerida por ese artículo es poner en conocimiento al municipio de que existe una reclamación potencial en su contra. Esto es un mecanismo que se debe cumplir por exigirlo la ley. Ahora bien, esa notificación puede acarrear simultáneamente que el término prescriptivo de un año para presentar la acción quede interrumpido siempre y cuando cumpla con los criterios que exige una reclamación judicial para que sea idónea. En caso de que esa notificación no cumpla con tales parámetros, entonces el término continuará su curso, pues el inciso (c) del Art. 15.003, supra, lo que implica es que a tenor con lo dispuesto en el Código Civil de Puerto Rico el término para demandar a un municipio sigue siendo un año. No cabe otra interpretación distinta a la que hicimos en Zambrana Maldonado v. E.L.A., supra.

En este caso no está en controversia el hecho de si la carta que los peticionarios le cursaron al municipio de Guaynabo el 11 de marzo de 2011 constituyó una reclamación extrajudicial idónea. Tal como lo resaltó el propio foro apelativo:

---

[25] Orozco Pardo, op. cit., pág. 59. Nos señala este autor que el ordenamiento jurídico debe potenciar el ejercicio del derecho, siendo un medio para ello, el promover la aplicación de los medios que interrumpen la prescripción siempre y cuando estos cumplan con las exigencias relevantes.

los detalles son minuciosos y los pormenores específicos [,] al grado de identificar con los nombres y apellidos completos a los policías involucrados y sus números de placas. También a esa fecha se identifica con claridad al supervisor de los policías municipales y el número de su placa.[26]

Al ser así, ante lo discutido es forzoso concluir que esa notificación interrumpió el término prescriptivo de un año dispuesto en el Art. 1868 del Código Civil, supra. De esta forma, el término comenzó a discurrir nuevamente teniendo estos hasta el 12 de marzo de 2012 para presentar su demanda. Al hacerlo en ese término, los peticionarios no perdieron su causa de acción. Por lo tanto, erró el Tribunal de Apelaciones al desestimarla. Ese foro acotó en su sentencia que la carta del 11 de marzo de 2011 constituyó una "mera notificación" al municipio de Guaynabo sobre la reclamación.[27] No podemos adjudicar a ese acto interruptor la catalogación efímera que el Tribunal de Apelaciones le otorgó. Cónsono con la doctrina y conforme a la jurisprudencia de este Tribunal, resolvemos que ello constituyó una reclamación extrajudicial que tuvo el efecto de interrumpir el término prescriptivo de un año.

En conclusión, el Art. 15.003 de la Ley de Municipios, supra, no puede eliminar los efectos de la interrupción de la prescripción extintiva en nuestra jurisdicción. Lo contrario sería modificar la norma de que un término prescriptivo se puede interrumpir mediante una manifestación inequívoca extrajudicial de que se interesa

---

[26] Véase, Sentencia del Tribunal de Apelaciones, págs. 6-7.
[27] Íd., pág. 5.

mantener el derecho. Pues como nos señala Díez-Picazo, debe valorarse como reclamación cualquier acto que sea contrario a la dejación o abandono de ese derecho, que por ende rompa el llamado silencio de la relación jurídica, haciendo injusto que el sujeto pasivo quede beneficiado por el transcurso del tiempo. Díez Picazo, op cit., pág. 184.

## IV

Por los fundamentos expuestos, se revoca la sentencia del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para ulteriores procedimientos conforme con lo aquí pautado.

Se dictará sentencia de conformidad.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| David García O´Neill; su esposa Estrella Villega Ocasio, por sí y en representación de su hijo menor J.C.V.; Sociedad Legal de Gananciales compuesta por ambos Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Hon. Guillermo Zomoza Colombani, Secretario de Justicia; Superintendente de la Policía de Puerto Rico; Policía Municipal de Guaynabo representado por su Comisionado Hon. Wilfredo Castillo Alicea; Compañía Aseguradora X, Fulano de tal, Mengano mas cual, Zutano de tal, Perencejo mas cual, Corporación X, Corporación Y, Compañía Aseguradora Y<br><br>Municipio de Guaynabo Recurridos | Certiorari<br><br>AC-2013-0066 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de abril de 2014.

Por los fundamentos expuestos en la Opinión que antecede se revoca la sentencia del Tribunal de Apelaciones. Por consiguiente, devolvemos el caso al Tribunal de Primera Instancia para ulteriores procedimientos conforme a lo allí pautado.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton no intervino. La Jueza Asociada señora Pabón Charneco no interviene.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo